IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---------------------------------------------------x
BRIAN THEUS,                              :
     Plaintiff,                              :
                                         :   Civil Action File No.
vs.                                          1:16-cv-
                                         :
ABS FRANCHISING, LLC and                  :   JURY TRIAL DEMANDED
BYRON SCHOEPF,                            :
     Defendants.                             :
---------------------------------------------------x

## COMPLAINT

Plaintiff, Brian Theus, by and through his counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for his Complaint, respectfully alleges as follows:

<u>PARTIES</u>

1.

Plaintiff, Brian Theus, (hereinafter "Plaintiff" or "Mr. Theus") is a natural born United States citizen residing within the Northern District of Georgia.

2.

On information and belief, Defendant, ABS Franchising, LLC ("ABS") is a domestic corporation doing business in the Northern District of Georgia as a franchisee of Little Caesar's.

1

3.

On information and belief, the registered agent for service of process on ABS is Whitney Reichard, 2603 Winsley Place, Duluth, GA 30097.

4.

On information and belief, Defendant Byron Schoepf ("Mr. Schoepf") is a natural born person residing in the Northern District of Georgia.

5.

On information and belief, Mr. Schoepf may be served at his place of business, Little Caesar's, located at 895 Indian Trail Road, Lilburn, GA 30047.

## JURISDICTION

6.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §§1331.

## JURISDICTIONAL ALLEGATIONS

7.

Defendant ABS is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiff's employment.

8.

On information and belief, Defendant ABS is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s).

9.

On information and belief at all relevant times and continuing, ABS had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

10.

Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his job duties for Defendants.

11.

At all relevant times and continuing, Defendant Byron Schoepf was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. Schoepf acted "directly or indirectly in the interest of an employer in relation to an employee."

## VENUE

12.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## NATURE OF THIS ACTION

13.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*. to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## FACTS

14.

Plaintiff, Brian Theus was employed by Defendants from on or about July 29, 2014 to on or about April 22, 2016.

15.

Mr. Theus was employed as a manager but was paid on an hourly basis.

16.

Throughout the time that Mr. Theus was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

17.

Despite the fact that Mr. Theus worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Theus for any of that overtime.

18.

On information and belief, at all relevant times during Plaintiff's employment by Defendants, Defendant Byron Schoepf was the owner of ABS and took an active role in its daily operations.

19.

Thus, on information and belief, Mr. Schoepf directed, was aware of and suffered Plaintiff to regularly work more than forty (40) hours per week without receiving time and one-half overtime pay for all hours worked in excess of forty (40) hours in a week.

<u>FIRST CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>

20.

Plaintiff incorporates the allegations of ¶¶1 – 19 to the same force and effect as if pled herein.

21.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals,

including Plaintiff, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

22.

Plaintiff was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

23.

Plaintiff was not an exempt employee under the FLSA.

24.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

25.

Defendants owe Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

REQUEST FOR RELIEF

WHEREFORE Plaintiff requests that this Court:

(a) Enter judgment against all Defendants awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206;

liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(b) Enter judgment against both Defendants awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, and pre-judgment interest on unpaid wages for willful violation of the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(d) Award Plaintiff such further and additional relief as may be just and appropriate; and

(e) Plaintiff demands TRIAL BY JURY.

This 24th day of June 2016.

                                                  s/ROBERT N. MARX
Robert N. Marx, Esq.
Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
Suite 200
Atlanta, Georgia 30342
Telephone: (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Plaintiff